Jason D Haymore (UT-13236)
PEARSON, BUTLER & CARSON, PLLC
1802 South Jordan Parkway #200
South Jordan, UT 84095
(t)801-495-4104
JasonH@pearsonbutler.com
Attorneys for Plaintiff

**UNITED STATES COURT DISTRICT OF UTAH**
**CENTRAL DIVISION, STATE OF UTAH**

| | |
|---|---|
| CHRIS BELLMAN, an Individual<br><br>Plaintiff,<br>vs.<br><br>DOMINOS PIZZA, LLC<br><br>Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 2:19-cv-00950-CW<br><br>Honorable: Jude Waddoups |

Plaintiff Chris Bellman ("Plaintiff" or "Mr. Bellman"), by and through counsel, hereby submits this Complaint and Jury Demand and complains against Defendant Dominos, LLC, ("Defendant") as follows:

## INTRODUCTION

1. This is a proceeding to redress disability discrimination and retaliation in violation of the Americans with Disabilities Act 42 U.S.C. §12101, et seq., as amended (the "ADA").

2. This proceeding is also to redress violation of the Family and Medical Leave Act 29 U.S.C. §2601, et seq.

## PARTIES

3. Mr. Bellman is an individual who at all times relevant herein, was and is a resident of Salt Lake County, Utah.

4. Defendant is a Utah corporation duly licensed to operate in the State of Utah and conducts business from its operations in Salt Lake County, Utah.

5. Defendant employs more than five hundred (500) employees and is an employer within the meaning of ADA and the FMLA.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331, in that this action arises under federal law, specifically, the ADA.

7. The unlawful employment discrimination giving rise to Plaintiff's claims were committed within the jurisdiction of this court. Therefore, venue is proper under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391.

8. Mr. Bellman has fulfilled all conditions precedent under the ADA prior to instituting this lawsuit and has fulfilled all obligations to exhaust his administrative remedies.

9. Mr. Bellman filed a timely charge of disability discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Utah Labor Commission.

10. The EEOC issued Mr. Bellman a Notice of Right to Sue on August 29, 2019.

## FACTS

11. Plaintiff began working for Domino's on July 14, 2017, as a General Manager

12. Within six months of being employed by Defendant, he entrusted to operate his own store.

13. Plaintiff was very successful in this role as his store performed in the top five in the state on a regular basis.

14. In the week just prior to his termination, he was the number one performing store in Utah.

15. In order to reach this level of success, Plaintiff worked between seventy and one hundred hours each week.

16. While working these extended hours, Plaintiff began to experience significant back pain.

17. Initially, the pain would subside with a good night's rest, but eventually his back simply hurt all the time.

18. Due to all the hours that was required of Plaintiff to work, he was not able to seek the needed medical treatment to heal his back.

19. After some time, Plaintiff spoke with Colin Duvall about working less hours so that he could take care of his back. He initially agreed to provide Plaintiff the support he needed. It was anticipated that more help would be provided to Plaintiff's store so that he did not have to work so many hours and so that he could take time to heal his back.

20. Because Mr. Duvall did not follow through with his promises, Plaintiff determined that resignation was necessary because he could not physically continue working so many hours. He submitted his resignation on September 21, 2018 and gave two weeks' notice.

21. Prior to his last day, a performance evaluation of Plaintiff's employment was conducted on September 26, 2018 and Plaintiff was given a favorable performance evaluation.

22. At his performance evaluation, Mr. Duvall agreed with Plaintiff that his then present back condition was debilitating.

23. At his performance evaluation on September 28, 2018, Plaintiff was told by Mr. Duvall that:

    a. if were to rescind his resignation, he would be able to take medical leave in order to take care of his back;

      b. he would be given up to two months medical leave;

      c. that he could use fifty-six hours of PTO and twenty-four hours of emergency PTO; and

      d. that Mr. Duval would manage the store schedule in Plaintiff's absence.

24. Because of these promises, Plaintiff rescinded his resignation.

25. It was agreed that Plaintiff's first day of medical leave would begin on September 28, 2018.

26. On September 27, 2018, the day before Plaintiff's leave was to start, Domino's Pizza had an order of 358 pizzas to fill for the University of Utah, which was to be completed in four hours. Working the hours and putting in the work necessary for him to fulfill this order caused him significant back trouble.

27. On September 29, 2018, a day after Plaintiff's medical leave started, Mr. Duvall called and required Plaintiff to come in to work to cover a two-hour gap in coverage.

28. Plaintiff came in on September 29, 2018, as directed by Mr. Duvall, and ended up working almost four hours.

29. Plaintiff was then terminated from his employment on September 29, 2018.

## FIRST CAUSE OF ACTION
(Americans with Disabilities Act – Disability Discrimination)

30. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

31. Defendant employs more than 15 employees and is therefore an "employer" as that term is defined in 42 U.S.C. §12111(5)(A).

32. Plaintiff is a disabled person as defined by the ADA.

33. Defendant also regarded Plaintiff as having an impairment that is neither transitory nor minor.

34. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodation.

35. There were no allegations of poor work performance prior to his medical leave.

36. For reasons including but not limited to those described in this Complaint, Defendant has discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12111 et seq, and its implementing regulations.

37. Plaintiff was treated differently in the workplace than other co-employees without disabilities who were similarly situated and any reasons for such differing treatment or for allowing such differing treatment to occur are pretextual. The real reasons for such differing treatment had to do, in part or in whole, with Plaintiff's disability.

38. As a disabled person under the ADA, Plaintiff was entitled to a reasonable accommodation. Such an accommodation would certainly include to seek medical treatment for his underlying condition.

39. Defendant was aware, or should have been aware, of the actions and inactions described above, because such were obvious and pervasive and because, at various times throughout his employment. Plaintiff complained of them to Defendant on multiple occasions. Despite such awareness, Defendant failed to investigate Plaintiff's complaints and failed to respond in a way reasonably calculated to stop the discrimination.

40. Defendant terminated Plaintiff's employment because of his status as a disabled person under the ADA and because he requested, and/or was in need of an accommodation, in violation of the ADA.

41. Plaintiff has been damaged, and continues to be damaged by Defendant's discriminatory treatment and termination of Plaintiff.

42. In violating the Americans with Disabilities Act, Defendant acted intentionally and with malice and/or reckless, callous, and/or deliberate indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to compensatory and punitive damages pursuant to 42 U.S.C. §12117.

## SECOND CAUSE OF ACTION
(FMLA – Retaliation)

43. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

44. Plaintiff was entitled to take medical leave under the FMLA and entitled to be reinstated to an equivalent job with equivalent pay after return from his leave.

45. Defendant retaliated against Plaintiff because of the use of FMLA leave by firing him because he attempted to exercise his rights to medical leave.

46. Defendant's actions were takin in response to Plaintiff's attempt to exercise his rights under the FMLA.

47. As the direct and proximate result of Defendant's willful conduct, Plaintiff has suffered damages and is entitled to recovery of all damages or other relief allowed by the FMLA, including but not limited to reinstatement, lost wages (past and future), lost benefits (past and future), liquidated damages, attorney's fees and costs.

## THIRD CAUSE OF ACTION
(FMLA –Interference)

48. Plaintiff realleges and incorporates by reference all preceding numbered paragraphs.

49. Defendant's actions in firing Plaintiff for not performing work while he was taking medical leave under the FMLA, interfered with his FMLA rights in violation of 29 U.S.C. §2615 (a)(1).

## *PRAYER FOR RELIEF*

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For back wages and an award of anticipated front pay;

2. For costs advanced related to damages in an amount to be determined at trial;

3. For damages under the Americans with Disabilities Act related to emotional distress and other general damages in an amount to be determined at trial;

4. For Plaintiff's attorney's fees pursuant to 42 U.S.C. § 12205:

5. For punitive damages in an amount to be determined at trial; and

6. For interest on the forgoing, costs of court, and such other relief as the court deems just and equitable.

## **JURY TRIAL REQUESTED**

Dated this December 2, 2019

 /s/ Jason D, Haymore
Jason D. Haymore
Attorney for Plaintiff